By the Court—Moncrief, J.
The action was upon a promissory note, made by the defendant, bearing date 16th November, 1855, whereby twelve months after date he promised to pay to the order of P. H. Lalouette, for value received, the sum of $1,648.28.
The complaint alleged an indorsement by the payee to Lalouette & Ashfield, and by the latter to.the plaintiff.
The answer admitted the making of the note and the delivery thereof to Lalouette & Ashfield, but denied the indorsement by them to the plaintiff, and also 'denied that the plaintiff was the lawful owner and holder of the note, &c., &c.
To entitle the plaintiff to recover'it was only necessary to produce the note at the trial, and prove the indorsements; possession of the note was prima facie evidence that he was the lawful owner-and holder of it.
The plaintiff, when he rested, had shown a tona fide ownership of the note, and the exception taken by the defendant was therefore untenable.
There was no question of fact to be submitted to the jury. It was conceded at the trial that the plaintiff became possessed of "the note after maturity; any defense, therefore, that could be urged against other parties to the note, might be maintained against the plaintiff. It was immaterial what consideration was given by him for the note; it was perfectly competent for Lalouette & Ashfield to give it to him.
To my mind it is quite clear that the only consideration for the note was the sale and delivery by Lalouette & Ashfield to the defendant of “ all fixtures and appurtenances in, upon and appertaining to the coal-yard, known as 441 Grand street, and now (then) occupied by said Lalouette & Ashfield, and described in the annexed schedule.”
The lease, which had “ about two years to run,” was sold for the consideration of one dollar. It contained “ a free privilege to remove all the said fixtures at its expiration.”
There is no difficulty in the present case arising from a refusal by the lessor to permit the fixtures to be removed; whether or not he could successfully have resisted the claim of the defendant to remove them can in no way be invoked; (Ombony v. Jones, 19 N. Y. R. 287; Amos & Ferard on Fixtures, 8;) the defendant was *429 desired to remove them; no one prevented him. * The landlord requested him to take them away; and the defendant did take some of the things specified in the schedule.
By express agreement if a renewal of the lease was not given Lalouette & Ashfiejd was to refund the one-half the loss on said fixtures.
The jury found, and upon the evidence it could not be questioned, that the value of the fixtures was $702."
It is quite clear that the fixtures were worth one-half that sum if removed and taken away. Thus it is evident that the only damage which the defendant could have sustained, was $851; the extent of the liability of the defendants on that account by agreement, being the one-half of this latter sum, is the sum of on hundred and seventy-five dollars and fifty cents.
.The plaintiff should be permitted to enter judgment for the amount of the verdict, less the sum of $175.50.
Ordered accordingly.